IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| LEGACY RESERVES INC., *et al.*,[1] | § § | Case No. 19-33395 (MI) |
| Debtors. | § § § | (Jointly Administered) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER TO EXTEND THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 18, 2019 AT 10:00 A.M. (CENTRAL TIME) AT THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, COURTROOM 404, 515 RUSK AVENUE, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Legacy Reserves Inc. (9553); Legacy Reserves GP, LLC (1065); Legacy Reserves LP (1069); Legacy Reserves Finance Corporation (1181); Legacy Reserves Services LLC (2710); Legacy Reserves Operating LP (7259); Legacy Reserves Energy Services LLC (1233); Legacy Reserves Operating GP LLC (7209); Dew Gathering LLC (4482); Pinnacle Gas Treating LLC (3711); Legacy Reserves Marketing LLC (7593). The location of the Debtors' service address is: 303 W. Wall St., Suite 1800, Midland, TX 79701.

Legacy Reserves Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") submit this motion (this "Motion"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) extending for a period of 90 days, to and including January 14, 2020, the period under section 1121(b) of the Bankruptcy Code during which the Debtors have the exclusive right to file a chapter 11 plan of reorganization or liquidation (the "Exclusive Filing Period") and (ii) extending for a corresponding period, to and including March 16, 2020, the period under section 1121(c)(3) of the Bankruptcy Code to obtain acceptances of such a plan (the "Exclusive Solicitation Period," and, together with the Exclusive Filing Period, the "Exclusive Periods").

## Status of the Cases and Jurisdiction

1. On June 18, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors (the "Committee") was appointed on July 3, 2019 [ECF No. 179]. No party has requested the appointment of a trustee or examiner in these cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judge from the United States District Court for the Southern District Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested in this Motion is section 1121(d) of the Bankruptcy Code.

## Background of the Debtors

5. Information regarding the Debtors' business, capital structure, and the circumstances preceding the Petition Date may be found in the Debtors' *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization for Legacy Reserves Inc. and Its Debtor Affiliates* [ECF No. 499] (the "Disclosure Statement").

## Significant Developments in the Debtors' Chapter 11 Cases

6. The Debtors seek 90-day extensions of the Exclusive Periods so that they may continue to diligently pursue a value-maximizing resolution to these chapter 11 cases.

7. As this Court is aware, the Debtors are pursuing a restructuring that is outlined in their *Joint Chapter 11 Plan of Reorganization of Legacy Reserves Inc. and its Debtor Affiliates* [ECF No. 498] (as may be modified, amended, or supplemented from time to time, the "Plan"),[2] pursuant to that certain global restructuring support agreement (the "Global RSA"), dated as of September 16, 2019. Required Holders under the RBL Credit Agreement, Holders of 100% of the Term Loan Claims, Holders of approximately 60% in amount of the Notes Claims, and the Debtors are all party to the Global RSA. The Plan provides for a substantial de-leveraging of the Company's capital structure, with a projected reduction of over $1 billion in funded debt, while also providing a recovery to Holders of Notes Claims and committed equity and exit financing. In furtherance of this restructuring process, on August 2, 2018, the Debtors filed the Plan.

---

[2] Capitalized terms used in this Motion not otherwise defined herein shall have the meanings ascribed to them within the Plan.

3

8. The Debtors continue to proceed through these chapter 11 cases at a steady pace while working to build greater consensus for their restructuring. During the first three months of these chapter 11 cases, the Debtors have, among other things:

- obtained fully consensual orders on all of the Debtors' "first day" operational motions;

- obtained entry of a consensual final order authorizing post-petition financing and the Debtors' use of cash collateral;

- obtained entry of an order establishing a claims bar date in these chapter 11 cases to facilitate the timely administration of claims asserted against the Debtors' estates and to begin the process of reconciling claims and interests as promptly as possible;

- drafted and filed the Plan and the Disclosure Statement and related exhibits;

- obtained entry of an order approving the adequacy of the Disclosure Statement and approving solicitation and voting procedures and rights offering in connection with the approval of the Plan; and

- commenced the solicitation process and rights offering.

9. The Debtors anticipate that the Plan will be confirmed before the expiration of the Exclusive Periods, even without the extension of the Exclusive Periods requested in this Motion. However, out of an abundance of caution, the Debtors are requesting that the Court extend the Exclusive Periods as described below.

10. The Debtors' progress is due in no small part to the "breathing room" afforded by the chapter 11 process. The Debtors believe that maintaining their exclusive right to file and solicit votes on a chapter 11 plan for a reasonable period of time is essential to their ability to complete their restructuring as efficiently and expeditiously as possible and without risking the substantial

additional costs, disruption, and uncertainty that would attend the expiration of the Exclusive Periods. Accordingly, the Debtors are requesting entry of the Proposed Order granting an extension of the Exclusive Periods for a period of 90 days.

### Relief Requested

11. By this Motion, the Debtors request entry of an order, substantially in the form of the Proposed Order, (i) extending for a period of 90 days, to and including January 14, 2020, the Exclusive Filing Period and (ii) extending for a corresponding period, to and including March 16, 2020, the Exclusive Solicitation Period, without prejudice to the Debtors' right to seek further extensions to the Exclusive Periods.[3]

### Basis for Relief

12. Section 1121(b) of the Bankruptcy Code establishes an initial period of 120 days after the commencement of a chapter 11 case during which only a debtor may file a plan and an additional 60-day period thereafter during which only the debtor may solicit votes for a plan. Currently, the Exclusive Filing Period will expire on October 16, 2019, and the Exclusive Solicitation Period will expire on December 15, 2019. The Debtors believe it is prudent to seek an extension of the Exclusive Periods to preserve their exclusive right to both prosecute the Plan currently on file and file and solicit a new plan of reorganization should unforeseen issues arise with respect to confirmation.

13. Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Specifically, section

---

[3] Ninety (90) days from the end of the Exclusive Solicitation Period pursuant is Saturday, March 14, 2020. Pursuant to Bankruptcy Rule 9006(a)(1), if the last day of a specified time period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Accordingly, the requested removal period expiration date is Monday, March 16, 2020

1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."[4] Although the Bankruptcy Code does not define "cause," bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs.[5]

14. Courts often use the following factors in determining whether "cause" exists to extend a debtor's exclusive plan filing period:[6]

    a. The size and complexity of the case;

    b. The need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    c. Whether the debtor has made progress in negotiations with its creditors;

    d. The existence of good faith progress toward reorganization;

    e. Whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

    f. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    g. The fact that the debtor is paying its bills as they become due;

    h. The amount of time which has elapsed in the case; and/or

    i. Whether an unresolved contingency exists.

---

[4] 11 U.S.C. § 1121(d)

[5] *See In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) (noting that the meaning of "cause" under section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, No. 4-04-CV-476-A, 4-04-CV-530-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor showed substantial progress had been made in negotiations toward reorganization");

[6] *See, e.g., In re New Millennium Mgmt., LLC*, No. 13-35719 (LZP), 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods) (citing In re GMG Cap. Partners III, L.P., 503 B.R. 596 (Bankr. S.D.N.Y. 2014)); *see also In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (denying motion to terminate exclusivity based on factors for cause).

15. Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods.[7] Moreover, courts regularly grant a debtor's first request for an extension of the debtor's exclusive period to file a chapter 11 plan.[8] There is ample precedent for an initial extension of exclusivity of at least 90 days, as the Debtors seek here.[9] Here, the relevant factors strongly favor extension of the Debtors' Exclusive Periods.

I. **The Debtors' Chapter 11 Cases Are Large and Complex**

16. The wide scope of the Debtors' operations and size of their capital structure means the Debtors must navigate a number of complex issues during the chapter 11 process. As of the Petition Date, the Debtors had approximately $1.4 billion of outstanding funded-debt obligations, consisting of obligations under an RBL Credit Agreement, a Term Loan Credit Agreement, and multiple issuances of unsecured senior notes. The Debtors also have obligations to hundreds of vendors, employees, government agencies, and contractual counterparties. Notwithstanding these complexities, the Debtors have made significant progress towards confirming a plan.

---

[7] *See, e.g., In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (listing all nine factors later set forth in Adelphia, but relying on only four as relevant in determining whether there was "cause" to extend exclusivity).

[8] *See In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) ("It is true that during the initial 120-day period in which debtors have an exclusive right to file a plan of reorganization . . . the bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (citation omitted); *see also In re Borders Grp., Inc.*, 460 B.R. 818, 825 (Bankr. S.D.N.Y. 2011) (same).

[9] *See, e.g., In re Seadrill Ltd.*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Jan. 8, 2018) (granting an initial exclusivity extension of 180 days); *In re GenOn Energy, Inc.*, No. 17- 33695 (DRJ) (Bankr. S.D. Tex. Oct. 3, 2017) (granting an initial exclusivity extension of six months); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. Nov. 3, 2016) (granting an initial exclusivity extension of 120 days); *In re SandRidge Energy Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. Aug. 30, 2016) (granting an initial exclusivity extension of four months); *In re Linn Energy LLC*, No. 16-60048 (DRJ) (Bankr. S.D. Tex. Aug. 25, 2016) (granting an initial exclusivity extension of six months).

17. Both Congress and courts have acknowledged that the size and complexity of a debtor's case alone may provide cause for extending a debtor's exclusivity periods.[10] Certainly, the size and complexity of these chapter 11 cases alone provides sufficient cause for the Court to extend the Exclusive Periods.

## II. The Debtors Have Negotiated a Reorganization With a Substantial Number of their Most Significant Stakeholders and Have Progressed Toward Effectuating that Reorganization

18. Leading up to and since the Petition Date, the Debtors have made substantial progress in negotiating with their stakeholders and administering these chapter 11 cases, which further warrants an extension of the Exclusive Periods, including:

   a. ***Entering into the Global RSA***. The Debtors commenced these chapter 11 cases with substantial stakeholder support for a comprehensive restructuring. This support is embodied in the Global RSA, which has provided the foundation for these chapter 11 cases.

   b. ***Responding to the Committee's Diligence Efforts***. The Debtors have expended significant effort in responding to the Committee as it conducts due diligence, including providing documents, making certain employees available for deposition, hosting in-person conferences, and holding multiple telephone conferences. The Debtors have produced a large volume of documents and information to the Committee in a short period of time, and such diligence efforts are ongoing.

   c. ***Filing Schedules of Assets and Liabilities and Statements of Financial Affairs***. On July 15, 2019, the Debtors filed their schedules and statements of financial affairs for all eleven Debtor entities. This was a major undertaking for the Debtors in these chapter 11 cases given the scale of their operations and involved the filing of thousands of pages of documentation.

   d. ***Filing a Chapter 11 Plan and Obtaining Approval of the Disclosure Statement***. The Debtors filed initial versions of the Plan and Disclosure Statement on August 2, 2019. The Debtors subsequently filed revised versions of the Plan and Disclosure Statement on August 18, September 9, and September 16, 2019. The Debtors obtained approval of the Disclosure Statement and the solicitation procedures on September 16, 2019

---

[10] *See Express One*, 194 B.R. at 100 (approving the debtor's third exclusivity extension and noting that "the traditional ground for cause is the large size of the debtor and the concomitant difficult in formulating a plan of reorganization").

8

[ECF No 494]. The Debtors have begun the process of soliciting votes for the Plan and the Confirmation Hearing is set for November 6, 2019.

19. The Debtors have made substantial progress negotiating with their stakeholders and administering their chapter 11 cases to this point, which supports the extension of the Exclusive Periods.[11]

### III. The Debtors Are Not Pressuring Creditors by Requesting an Extension of the Exclusive Periods

20. The Plan is supported by Required Holders under the RBL Credit Agreement, Holders of 100% of the Term Loan Claims, and Holders of approximately 60% in amount of the Notes Claims, and the Debtors have consistently sought to build further consensus. Indeed, the Debtors have worked diligently to evaluate restructuring alternatives and have coordinated and will continue to coordinate with their major stakeholders and the Committee. Accordingly, the Debtors are not seeking an extension to pressure their creditors or other parties in interest.

### IV. The Debtors Are Paying Their Bills as They Come Due

21. As set forth in the Debtors' most recent monthly operating report [ECF No. 403], the Debtors made approximately $38.4 million in disbursements in July 2019. These significant post-petition disbursements evidence the Debtors' continued payment of their obligations to their vendors, employees, and other creditors in the ordinary course of business or as otherwise permitted by orders of the Court.

### V. Relatively Little Time Has Elapsed in These Chapter 11 Cases

22. This request for an extension of the Exclusive Periods is the Debtors' first, and comes little more than three months into these chapter 11 cases. Courts regularly grant a debtor's

---

[11] *See In re Mirant Corp.*, 2004 WL 2250986, at *2 (noting that an extension of exclusivity is typically granted where "the debtor has shown substantial progress toward reorganization").

request for an initial exclusivity extension. The fact that relatively little time has elapsed in these chapter 11 cases further supports the requested extension.

## NOTICE

23. Notice of this Motion has been provided by email or first-class mail to: (a) the U.S. Trustee; (b) the Holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Agent; (d) counsel to the Existing RBL Agent; (e) counsel to the Existing RBL Lenders; (f) counsel to GSO Capital Partners LP; (g) counsel to the administrative agent under the Debtors' second lien credit facility; (h) the indenture trustee for the Debtors' senior unsecured notes; (i) counsel to the Ad Hoc Group of Senior Noteholders; (j) counsel to the Committee; (k) the United States Attorney's Office for the Southern District of Texas; (l) the Internal Revenue Service; (m) the United States Securities and Exchange Commission; (n) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (o) the state attorneys general for states in which the Debtors conduct business; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24. No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  September 20, 2019
Houston, Texas

*/s/ Charles M. Persons*
SIDLEY AUSTIN LLP
Duston McFaul (24003309)
Charles M. Persons (24060413)
Michael Fishel (24082998)
Maegan Quejada (24105999)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone:  (713) 495-4500
Facsimile:  (713) 495-7799

- and -

James F. Conlan
Bojan Guzina (admitted *pro hac vice*)
Andrew F. O'Neill (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

*Attorneys for the Debtors
and Debtors in Possession*