**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEGACY RESERVES INC., *et al.*,[1] | ) | Case No. 19-33395 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) (A)COMPELLING DEBTORS TO COMPLY WITH SOLICITATION PROCEDURES ORDER AND (B) EXTENDING VOTING DEADLINE WITH RESPECT TO DEBTORS' PROPOSED CHAPTER 11 PLAN AND/OR (II) GRANTING EQUITABLE RELIEF <u>DEEMING CLASS 5 NOTES CLAIMS TO REJECT THE PLAN</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS** OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

****EMERGENCY RELIEF HAS BEEN REQUESTED. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Legacy Reserves Inc. (9553); Legacy Reserves GP, LLC (1065); Legacy Reserves LP (1069); Legacy Reserves Finance Corporation (1181); Legacy Reserves Services LLC (2710); Legacy Reserves Operating LP (7259); Legacy Reserves Energy Services LLC (1233); Legacy Reserves Operating GP LLC (7209); Dew Gathering LLC (4482); Pinnacle Gas Treating LLC (3711); Legacy Reserves Marketing LLC (7593). The location of the Debtors' service address is: 303 W. Wall St., Suite 1800, Midland, TX 79701.

**IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The Official Committee of Unsecured Creditors (the "**Committee**"), duly appointed in the Chapter 11 cases of Legacy Reserves Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), submits this emergency motion (the "**Motion**")[2] (I) (A) to compel the Debtors to comply with the voting and solicitation procedures set forth in the Solicitation Procedures Order and (B) to extend the Voting Deadline and/or (II) grant equitable relief deeming Class 5 Notes Claims to reject the Plan. In support of this Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Debtors and this Motion under 28 U.S.C. §§ 157 and 1134. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2. By paragraph 31 of the Solicitation Procedures Order, this Court retained "exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this [Solicitation Procedures Order]."

3. The predicates for the relief sought by this Motion are sections 105(a), 1125, 1126 and 1128 of title 11 of the United State Code (the "**Bankruptcy Code**") and Rules 2002, 3016,

[2] Capitalized terms used in this Motion but not otherwise defined shall have the meaning ascribed to them in the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Proposed Joint Chapter 11 Plan of Reorganization for Legacy Reserves Inc. and Its Debtor Affiliates, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Approving the Rights Offering Materials, (V) Scheduling Certain Dates with Respect Thereto, and (VI) Granting Related Relief* [Docket No. 494] **(the "Solicitation Procedures Order")**.

3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 2002-1 and 3016-1 of the Bankruptcy Rules for the Southern District of Texas (the "**Local Rules**"), and the Procedures for Complex Chapter 11 Bankruptcy Cases for the United States Bankruptcy Court for the Southern District of Texas (the "**Complex Case Procedures**").

**PRELIMINARY STATEMENT**

4. A genuine emergency exists because the Debtors violated the Solicitation Procedures Order by failing to include a Return Envelope (*i.e.*, a pre-addressed, postage prepaid envelope) in the Solicitation Package. With no Return Envelope or return address in the Solicitation Package to transmit Beneficial Holder Ballots, Beneficial Holders of Class 5 Notes Claims do not know where to return their completed Beneficial Holder Ballot without engaging in a potentially time-consuming process to first identify their Nominee and then the appropriate contact person or department at their Nominee who can provide the required voting information. Although the Committee resists characterizing the omission of a Return Envelope or return address from the Solicitation Packages as a specific exercise by the Debtors to disenfranchise retail holders of Class 5 Notes Claims, which by and large are expected to reject the Plan assuming they can vote and have their votes counted, that is the end result. The Committee requests immediate relief from the Court to correct the deficiencies in the solicitation process implemented by the Debtors.

5. Such available relief includes, but is not limited to, a resolicitation of Beneficial Holders of Class 5 Notes Claims and/or the deemed rejection of Class 5 Notes Claims for purposes of Bankruptcy Code section 1126.

6. For the avoidance of doubt, the Committee expressly preserves all objections to confirmation of the Plan, including but not limited to, any argument that the Debtors' solicitation

of votes was not conducted in good faith and that the Debtors failed to comply with the Solicitation Procedures Order.

## BACKGROUND

7. On June 18, 2019 (the "**Petition Date**"), each of the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their assets. On July 3, 2019, the Office of the United States Trustee appointed the Committee. Neither a Trustee nor an Examiner has been appointed in these cases.

8. On August 2, 2019, the Debtors filed the *Joint Chapter 11 Plan Of Reorganization For Legacy Reserves Inc. And Its Debtor Affiliates* [Docket No. 342] (the "**Plan**") and the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization for Legacy Reserves Inc. and Its Debtor Affiliates* [Docket No. 343] (the "**Disclosure Statement**"). The Debtors subsequently filed revised versions of the Plan and Disclosure Statement on August 18, 2019 [Docket Nos. 372, 373], September 9, 2019 [Docket Nos. 453, 454], and September 16, 2019 [Docket Nos. 488, 489].

9. On September 16, 2019, the Court entered the Solicitation Procedures Order.

## RELIEF REQUESTED

10. By this Motion, the Committee requests entry of an order (I) (A) to compel the Debtors to comply with the voting and solicitation procedures set forth in the Solicitation Procedures Order and (B) to extend the Voting Deadline and/or (II) grant equitable relief deeming Class 5 Notes Claims to reject the Plan.

# THE SOLICITATION OF VOTES ON THE PLAN

## I. The Solicitation Procedures Order Specifies the Solicitation Package Contents.

11. The Solicitation Procedures Order approved, among other things, the form of, and distribution of, Solicitation Packages to parties entitled to vote on the Plan.

12. Paragraph 3 of the Solicitation Procedures Order authorized the Debtors to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached as Exhibit 2 to the Solicitation Procedures Order. The Solicitation and Voting Procedures provided for the following with respect to the contents of the Solicitation Packages:

> **C. Form, Content and Manner of Notices**
>
> **1. The Solicitation Package**
>
> The following materials shall constitute the Solicitation Package:
>
> (a) a copy of these Solicitation and Voting Procedures;
>
> (b) the applicable form of Ballot and detailed voting instructions, in substantially the form attached as Exhibits 3A, 3B, 3C, and 3D to the Solicitation Procedures Order, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope;
>
> (c) a Cover Letter, in substantially the form attached as Exhibit 5 to the Solicitation Procedures Order, describing the contents of the Solicitation Package and urging the Holders of Claim in each of the Voting Classes to vote to accept the Plan;
>
> (d) the Disclosure Statement (with all exhibits thereto, including the Plan);
>
> (e) the Solicitation Procedures Order (without exhibits, except these Solicitation and Voting Procedures); and
>
> (f) the *Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines*, substantially in the form attached as Exhibit 6 to the Solicitation Procedures Order (the "Confirmation Hearing Notice").

*See* Solicitation and Voting Procedures (attached as Exhibit 2 to the Solicitation Procedures Order), at 2.

13. Paragraph 6 of the Solicitation Procedures Order further specified the following with respect to the contents of the Solicitation Package:

6. The Solicitations Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date shall include the following, the form of each of which is hereby approved:

a. a copy of the Solicitation and Voting Procedures, attached hereto as **Exhibit 2**;

b. an appropriate form of Ballot attached hereto as **Exhibits 3A**, **3B**, **3C**, and **3D**, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope;

c. the Cover Letter, attached hereto as **Exhibit 5**;

d. the Disclosure Statement with all exhibits thereto, including the Plan

e. this Order (without exhibits); and

f. the Confirmation Hearing Notice, attached hereto as **Exhibit 6**.

Solicitation Packages transmitted to Holders of Claims in Class 5 may also include, in the Debtors' discretion, a letter from the Committee setting forth the Committee's views on the Plan.

14. Accordingly, as set forth in paragraph 6(b) of the Solicitation Procedures Order and section C.1.(b) of the Solicitation and Voting Procedures, the Debtors were required to include a "pre-addressed, postage pre-paid return envelope" (the "**Return Envelope**") in the Solicitation Package to enable holders of Class 5 Notes Claims to transmit their completed Beneficial Ballots to their Nominees for ultimate tabulation by the Voting Agent.

15. The Disclosure Statement, at section III.C, in describing the voting procedures, stated the following with respect to the contents of the Solicitation Package:

**C. Solicitation Package**

Accompanying this Disclosure Statement for the purpose of soliciting votes (the "**Solicitation**") on the Plan are copies of (i) the Plan, which is attached hereto as **Exhibit A**, (ii) the Solicitation Procedures Order; (iii) the notice of, among other things, the time for submitting Ballots to accept or reject the Plan, the date, time, and place of the Confirmation Hearing and related matters, and the Objection Deadline; (iv) as applicable, a Ballot or Ballots (and return envelope(s)) that you may use in voting to accept or to reject the Plan; and (v) a cover letter from the Debtors; and (vi) any other such materials that the Bankruptcy Court may direct (the "**Solicitation Package**"). Only Holders eligible to vote to accept or reject the Plan will receive a Solicitation Package. The Committee has informed the Debtors that it will send a letter to Holders of Notes Claims in Class 5 (the "**Committee Letter**") stating its position with respect to the Plan, which letter may be included in the Solicitation Package.

*See* Disclosure Statement, at 11.

16. The Debtors also included the Cover Letter which provided as follows with regards to the contents of the Solicitation Package:

> In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept the Plan. The Solicitation Package consists of the following:
>
> (a) a copy of the Solicitation and Voting Procedures;
>
> (b) a Ballot, together with detailed voting instructions and a preaddressed, postage prepaid return envelope;
>
> (c) this Letter;
>
> (d) if you are a Holder of Class 5 Notes Claims, the Committee of Unsecured Creditors letter setting forth its views on the Plan (the "Committee Letter");
>
> (e) instructions for accessing the Disclosure Statement, as approved by the Bankruptcy Court (and exhibits thereto);
>
> (f) instructions for accessing the Plan;
>
> (g) the Solicitation Procedures Order (excluding the exhibits thereto, except the Solicitation and Voting Procedures); and
>
> (h) the notice of the hearing to consider confirmation of the Plan.

*See* Cover Letter (attached as Exhibit 5 to the Solicitation Procedures Order), at 2.

17. Thus, pursuant to the Disclosure Statement's description of the voting procedures and the Debtors' Cover Letter, Holders of Class 5 Notes Claims entitled to vote on the Plan were directed to utilize a pre-addressed, postage prepaid return envelope to return their completed Beneficial Holder Ballots.

18. The Solicitation and Voting Procedures also set forth certain procedures applicable to the Nominees holding Class 5 Notes Claims on behalf of their customers. Those procedures provided as follows:

> (b) any Nominee that is a holder of record with respect to a Class 5 Notes Claim shall vote on behalf of Beneficial Holders of such Claims by: (i) immediately, and in any event within five (5) business days after its receipt of the Solicitation Packages, distributing the Solicitation Packages, including Beneficial Holder Ballots, it receives from the Voting Agent to all such Beneficial Holders;[5] (ii) providing such Beneficial Holders with a return address to send the completed Beneficial Holder Ballots, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot; and (iv) transmitting the Master Ballot to the Voting Agent on or before the Voting Deadline;

*See* Solicitation and Voting Procedures (attached as Exhibit 2 to Solicitation Procedures Order), at 7.

19. The Solicitation Procedures Order (and the accompanying Solicitation and Voting Procedures) approved by the Court ensured that Holders of Class 5 Notes could transmit their Beneficial Holder Ballot without incurring any expense or suffering confusion on how to cast their votes.

## II. <u>The Debtors Deviate From The Court Approved Solicitation Procedures Order.</u>

20. The Solicitation Procedures Order set forth solicitation and tabulation procedures designed to facilitate voting on the Plan. As set forth above, the Solicitation Procedures Order specifically approved the contents of the Solicitation Package. The Solicitation Procedures Order did not provide the Debtors with the discretion to exclude the prescribed materials or include extraneous materials. Yet, this is exactly what the Debtors did.

21. The Solicitation Procedures Order required the Debtors to include a Return Envelope to voting creditors. The requirement for including a Return Envelope is obvious: the Solicitation Package materials directed creditors to use the Return Envelope to transmit their vote. However, in contravention of the Solicitation Procedures Order (and much to the surprise of Beneficial Holders), the Debtors failed to include a Return Envelope in the Solicitation Package. Consequently, Beneficial Holders, received instead a Solicitation Package that was missing a

critical (and expected) element enabling them to vote: the means to return their completed Beneficial Ballot.

22. While the Debtors failed to include the required Return Envelope in the Solicitation Package, they managed to include the Rights Offering Materials (which are wholly irrelevant to the Plan vote) in the same mailing as the Solicitation Package. As set forth on the Certificate of Service filed by Kurtzman Carson Consultants LLC ("**KCC**" or the "**Voting Agent**") on October 3, 2019 [Docket No. 556] (the "**Solicitation Certificate of Service**"), the Debtors included the Subscription Form (as defined by the Certificate of Service) and Subscription Agreement (as defined by the Solicitation Certificate of Service) in the same mailing as the Solicitation Package.

23. The Solicitation Procedures Order limited the Solicitation Package to the specified documents (and Return Envelope) for good reason: to ensure that voting creditors received adequate information to allow them to vote, to provide creditors with voting directions, to enable creditors to quickly identify the ballot, and to provide creditors with easy and cost-free means to transmit their votes to the Voting Agent. The Rights Offering Materials were extraneous materials and irrelevant to the Plan vote. The Rights Offering Materials added bulk to an already hefty Solicitation Package and distracted Beneficial Holders from focusing on the purpose of the Solicitation Package: to solicit creditors' votes on the Plan.

24. The omission of the Return Envelope and inclusion of the Rights Offering Materials were serious errors by the Debtors leading the Committee to conclude that the solicitation of votes on the Plan was not in compliance with the Solicitation Procedures Order.

## III. Beneficial Holders Seek Assistance Casting Their Votes.

25. The unauthorized exclusion of the Return Envelope left Beneficial Holders, including all of the members of the Committee who are Beneficial Holders of Class 5 Notes

Claims, without clear means to transmit their completed Beneficial Holder Ballots for tabulation by the Nominees. The Nominees for the Committee members' holdings included Interactive Brokers, Goldman Sachs, Northern Trust and State Street Bank. The Committee members and their professionals undertook the effort to discern the voting process with respect to these Nominees.

26. The most bewildering of processes, because of the absence of a Return Envelope in the Solicitation Package, was offered up by Interactive Brokers. After multiple emails and phone calls with representatives of Interactive Brokers, Interactive Brokers agreed to e-mail its **over 800** retail holders of Class 5 Notes Claims with voting instructions. Those instructions, sent on October 9, 2019 (over 2 weeks after the Voting Agent's service of the Solicitation Packages) follow:

LGCY 6 5/8 12/01/21 TAD9 Bankruptcy Vote

Dear Client,

This notice is regarding the security LGCY 6 5/8 12/01/21 TAD9.

You are receiving this notice because you are a record-date holder in Legacy Reserves Inc, which has an active bankruptcy vote. IBKR Clients should submit their beneficial ballots back to IBKR, not to the bankruptcy agent, AT LEAST 3 days prior to the deadline stated on the Beneficial ballot.

To submit your ballot:
? Log in to Client Portal/Account Management
? Click on the Messages menu
? Click on COMPOSE followed by New Ticket
? Write a brief summary of the issue and click SUBMIT QUESTION. For example: ?Legacy Bankruptcy beneficial ballot?

? In case the suggested FAQs are not sufficient to address your question, click on CONTINUE WITH TICKET
? Select category: Account Services and subcategory: Proxy/Shareholder Meetings for the inquiry
? Choose the account for which you are submitting a ticket
? Enter the description of your inquiry in the Detailed Description field
? ATTACH your ballot. (You may attach up to two files to your inquiry.)
? Click SUBMIT.
? You will get an immediate reference number for the ticket so you can track its progress.

Please visit our website for tips on how to best utilize IBKR Client Services.

You can also access the message center from TWS by clicking on the Help menu and selecting Customer Service followed by Open Message Center.

For more information on how to use the Message Center, you can visit the Client Portal Users' Guide and the TWS Users' Guide.

You can contact Client Services via ticket from Client Portal/Account Management.

Regards,

Interactive Brokers Client Services

Interactive Brokers LLC, member NYSE, FINRA, SIPC    Home    Contact

27. Certain other creditors contacted the Committee's counsel through email, individual Committee members or the Committee through its Twitter account, @Legacy_OCC, for assistance in voting. Although the Committee was able to offer assistance to these holders, there is no way for the Committee to identify those holders who are justifiably confused and

frustrated with the voting process and simply abandoned the effort than invest the time or effort to identify the correct department at their Nominee to obtain voting instructions – all due to the Debtors' failure to include the Return Envelope in the Solicitation Package.

**BASIS FOR RELIEF REQUESTED**

28. The Committee carefully considered the Debtors' proposed solicitation procedures and provided extensive comments to the proposed procedures and Solicitation Package materials prior to the Court's entry of the Solicitation Procedures Order. The Committee, rightfully so, wanted to make certain that the Beneficial Holders of Class 5 Notes Claim received adequate information to vote on the Plan and that they had equal footing, alongside the large institutional investors, including GSO and the members of the ad hoc group of noteholders, to vote on the Plan. Stated differently, preventing disenfranchisement of retail holders of Class 5 Notes Claims was and remains front and center for the Committee. Ensuring that retail Beneficial Holders of Class 5 Notes Claims could easily vote on the Plan – and, specifically, to vote to reject the Plan to force a "cram down" valuation trial at the upcoming confirmation hearing – is especially important to the Committee and its constituency.

29. The Committee initially believed that only the Nominee for the notes held by the chair of the Committee failed to include the Return Envelope. But, it soon became readily apparent, after confirming with the other Committee members and receiving the flurry of communications from other holders of notes, that none of the Solicitation Packages contained a Return Envelope or other directions on how to relay completed ballots to the Nominee or Voting Agent. The absence of the Return Envelope (or return address) is certain to have a material detrimental impact on the ability of retail holders to cast their vote on the Plan.

30. Earlier this week, the Committee raised its concerns regarding the apparent violations of the Solicitation Procedures Order with the Debtors. On October 10, 2019, the Committee and the Debtors conferred regarding a potential resolution of the Committee's concerns. A consensual resolution, from the Committee's perspective, requires at least the resolicitation of Beneficial Holders of Class 5 Notes Claims on terms acceptable to the Committee (a "**Resolicitation**") and an extension of the Voting Deadline (currently set as October 23, 2019). The Committee understands that the Debtors are unwilling to extend the Voting Deadline to permit a proper Resolicitation.

31. The extension of the Voting Deadline is necessary to provide Beneficial Holders sufficient time to receive and transmit ballots in accordance with the Solicitation Procedures Order to their Nominees. Assuming the Resolicitation began on the date hereof, Beneficial Holders would not receive Solicitation Packages until several days after October 16, 2019 (*i.e.*, the date by which Broadridge, the entity which processes the service of Solicitation Packages on behalf of the vast majority of the Nominees in these chapter 11 cases, must transmit the Solicitation Packages to the Beneficial Holders). Beneficial Holders then must complete and transmit their Beneficial Holder Ballots to their Nominees for tabulation on a Master Ballot. The Nominees, in turn, need lead-time (frequently three days or longer) to process the votes of their Beneficial Holders and compile those votes onto a Master Ballot for ultimate delivery to the Voting Agent. The current Voting Deadline of October 23, 2019 simply does not provide sufficient time for Beneficial Holders to process newly received ballots and return them to their Nominees and for Nominees to remit their Master Ballots to the Voting Agent.

32. Further complicating matters is the need to tabulate votes on the Plan received by Voting Agent in response to the initial solicitation and the Resolicitation. In tabulating votes, the

Voting Agent will need to reconcile the votes of Beneficial Holders reflected on Master Ballots received from the same Nominee pursuant to the initial solicitation and the Resolicitation. The Committee understands that that the Voting Agent may require several days to complete this reconciliation process.

33. Working backwards from the proposed Confirmation Hearing Date, it may simply be impossible to properly conduct a Resolicitation which provides sufficient time for Beneficial Holders to cast their votes, Nominees to compile Master Ballots and the Voting Agent to tabulate and reconcile votes and maintain the current confirmation schedule. It is not lost upon the Committee that adjourning the commencement of the Confirmation Hearing Date jeopardizes the Debtors' ability to comply with the milestones under the Global RSA.

34. If it is impossible to conduct a Resolicitation with an appropriately extended Voting Deadline because of limitations under the Global RSA, the Committee requests that the Court exercise its equitable power to deem Class 5 Notes Claim to reject the proposed Plan.

**CERTIFICATION OF COUNSEL**

35. The undersigned counsel certify under penalty of perjury that, to the best of its knowledge, information, and belief that the factual allegations contained herein are true and correct and that a genuine emergency therefore exists.

**NOTICE**

36. The Committee will provide notice of this Motion by email, facsimile, or overnight courier to (a) the Debtors; and (b) all other parties on the Master Service List. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

37. No prior request for the relief sought in this Motion has been made by the Committee to this or any other court.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, the Committee respectfully requests that the Court enter an order granting the relief requested herein and grant such other relief as this Court deems just and proper**.**

Dated: October 11, 2019
Houston, Texas

By: */s/ Hugh M. Ray, III*

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Hugh M. Ray, III (State Bar No. 24004246)
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028
Telephone: (713) 276-7600
Email: hugh.ray@pillsburylaw.com

- and -

**BROWN RUDNICK LLP**
Robert J. Stark (admitted *pro hac vice*)
Bennett S. Silverberg (admitted *pro hac vice*)
Uchechi Egeonuigwe (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: 212-209-4800
Email: rstark@brownrudnick.com
bsilverberg@brownrudnick.com
uegeonuigwe@brownrudnick.com

-and -

Jeffrey L. Jonas (admitted *pro hac vice*)
James Stoll (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: 617-856-8200
Email: jjonas@brownrudnick.com
jstoll@brownrudnick.com

*Counsel for the Official Committee of Unsecured Creditors*

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re:<br><br>LEGACY RESERVES INC., *et al.*,[1]<br><br>Debtors. | ) | Chapter 11<br><br>Case No. 19-33395 (MI)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) (A)COMPELLING DEBTORS TO COMPLY WITH SOLICITATION PROCEDURES ORDER AND (B) EXTENDING VOTING DEADLINE WITH RESPECT TO DEBTORS' PROPOSED CHAPTER 11 PLAN AND/OR (II) GRANTING EQUITABLE RELIEF DEEMING CLASS 5 NOTES CLAIMS TO REJECT THE PLAN**

**[This Order related to Docket No. [●]]**

This matter comes before the Court on the emergency motion (the "**Motion**")[2] of the Creditors' Committee (I) (A) to compel the Debtors to comply with the voting and solicitation procedures set forth in the Solicitation Procedures Order and (B) to extend the Voting Deadline

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Legacy Reserves Inc. (9553); Legacy Reserves GP, LLC (1065); Legacy Reserves LP (1069); Legacy Reserves Finance Corporation (1181); Legacy Reserves Services LLC (2710); Legacy Reserves Operating LP (7259); Legacy Reserves Energy Services LLC (1233); Legacy Reserves Operating GP LLC (7209); Dew Gathering LLC (4482); Pinnacle Gas Treating LLC (3711); Legacy Reserves Marketing LLC (7593). The location of the Debtors' service address is: 303 W. Wall St., Suite 1800, Midland, TX 79701.

2 Capitalized terms used in this Motion but not otherwise defined shall have the meaning ascribed to them in the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Proposed Joint Chapter 11 Plan of Reorganization for Legacy Reserves Inc. and Its Debtor Affiliates, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Approving the Rights Offering Materials, (V) Scheduling Certain Dates with Respect Thereto, and (VI) Granting Related Relief* [Docket No. 494] **(the "Solicitation Procedures Order")**.

and/or (II) grant equitable relief deeming Class 5 Notes Claims to reject the Plan [Docket No. [●]] (the "**Motion** ").

This Court, having reviewed the Motion, and having considered the statements of counsel at a final hearing before the Court (the "**Hearing**"), if any, finds that: (a) this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and, (c) notices of the Motion and the Hearing were sufficient under the circumstances.

Having considered the evidence, arguments of counsel, and responses, if any, this Court finds that the Objection is meritorious and establishes sufficient grounds for the relief requested therein. Therefore, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** to the extent set forth herein.

**REQUESTED RELIEF:**

2. The Debtors are directed to resolicit votes of Beneficial Holders of Class 5 Notes Claims in a manner designed to ensure that such holders of claims receive a pre-addressed, postage pre-paid return envelope to transmit their completed Beneficial Holder Ballots to their respective Nominees. Such resolicitation shall include, at a minimum a new Beneficial Holder Ballot and Committee Solicitation Letter.

3. The Voting Agent is directed to reconcile all votes received in respect of the Plan, including votes cast in response to the Debtors' initial solicitation, to ensure that all votes on the Plan are counted. In the event conflicting votes are received from Beneficial Holders of Class 5 Notes Claims (***i.e.***, a "standoff"), the Voting Agent shall provide a schedule of all such conflicting votes, with contact information from the Beneficial Holder Ballots (the "**Standoff Schedule**"), to the Creditors' Committee. Following delivery of the Standoff Schedule, the Voting Agent shall

contact each Beneficial Holder noted therein (the "**Standoff Creditors**") to determine which vote should count. The Standoff Credits shall have 48 hours from first contact by the Voting Agent to confirm their vote with the Voting Agent.

4. The Voting Deadline is extended to [●], 2019.

5. [The Confirmation Hearing is adjourned to [●], 2019.]

**ADDITIONAL OR ALTERNATIVE RELIEF:**

6. Class 5 Notes Claims is deemed to reject the Plan pursuant to Bankruptcy Code sections 105 and 1126.

7. This Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

8. Notwithstanding the relief provided herein, the Committee is not deemed to waive any objections to confirmation of the Plan, including but not limited to any argument that the Debtors' solicitation of votes was not conducted in good faith, and all such objections are expressly preserved.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: ____________, 2019
Houston, Texas

______________________________
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE