

ENTERED
10/15/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| LEGACY RESERVES INC., *et al* § | CASE NO: 19-33395 | |
| § | | |
| PINNACLE GAS TREATING LLC § | CASE NO: 19-33394 | |
| § | | |
| LEGACY RESERVES GP, LLC § | CASE NO: 19-33396 | |
| § | | |
| LEGACY RESERVES LP § | CASE NO: 19-33397 | |
| § | | |
| LEGACY RESERVES FINANCE § | CASE NO: 19-33398 | |
| CORPORATION § | | |
| § | | |
| LEGACY RESERVES SERVICES LLC; § | CASE NO: 19-33400 | |
| fka LEGACY RESERVES SERVICES, INC. § | | |
| § | | |
| LEGACY RESERVES OPERATING LP § | CASE NO: 19-33401 | |
| § | | |
| LEGACY RESERVES ENERGY § | CASE NO: 19-33402 | |
| SERVICES LLC § | | |
| § | | |
| LEGACY RESERVES OPERATING GP § | CASE NO: 19-33403 | |
| LLC § | | |
| § | | |
| DEW GATHERING LLC § | CASE NO: 19-33405 | |
| § | | |
| LEGACY RESERVES MARKETING LLC § | CASE NO: 19-33406 | |
| § | **Jointly Administered Order** | |
| Debtor(s) § | | |
| § | CHAPTER 11 | |

**ORDER ON EMERGENCY MOTION FILED BY
THE OFFICIAL COMMITTEE OF UNSECURED CREDIORS
(ECF NO. 592)**

    The Official Committee of Unsecured Creditors seek emergency relief with respect to alleged solicitation irregularities.  The Debtors have filed a response that, among other things, denies that any irregularities have occurred.

    The Court sees no emergency.  The Debtors have the burden of proof at confirmation to demonstrate their compliance with the applicable provisions of Title 11.  11 U.S.C. § 1129(a)(2). The Debtors must also demonstrate that the plan was not proposed "by any means forbidden by law." 11 U.S.C. § 1129(a)(3).

The Court sees no reason to order the Debtors to comply with a prior Order. Such relief is unnecessary and duplicative. The Court also sees no reason to deem certain votes or classes as rejecting votes or classes. If the Debtors cannot sustain their burden under § 1129(a)(2) or § 1129(a)(3), voting is irrelevant.

The Court will treat the motion as a confirmation objection and consider the motion at confirmation. *See Armstrong v. Capshaw, Goss & Bowers,* 404 F.3d 933 (5th Cir. 2005) (noting district courts must determine the true nature of a pleading by its substance, rather than its labels) (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (*en banc*) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label'") (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir. 1963)).

SIGNED **October 15, 2019.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE